## McShane Cotton Co. *v.* Smith.

[77 South. 793, Division B.]

1. Judgment. *Default judgment. Sufficiency of pleadings.*

A bill in chancery by one partner to cancel and annul a default judgment against a partnership consisting of two brothers on the ground that the judgment was void on the face of the record, because the exhibits filed with the declaration contradicted its averments, will not be sustained, where the declaration averred a course of dealing between the defendant and plaintiff which resulted in defendant being indebted to plaintiff in a specifically named amount, and with the declaration an exhibit was filed which showed the dates of the money advanced, how the advances were made, and upon whose drafts the payment was made; although the memoranda or statement filed with the declaration showed that the other partner drew the drafts which were paid, presumably in his own name, but the declaration averred that the advances were thus made to the partnership.

2. Same.

Such declaration in the original suit upon which a judgment by default was rendered will be construed to charge that the complainant in the chancery suit together with his brother was engaged in a certain business and that one of them, for both, drew certain drafts for the joint account which were paid by plaintiff in the original declaration, and if defendant desired to be enlightened as to just what he was charged with he should have appeared and made his defense if any he had. If his brother was not authorized to draw the drafts for the account of the partnership, then was the time for him to speak. If he was not a partner, he should have reasonably so pleaded in response to the summons served on him.

Appeal from the chancery court of Leflore county. Hon. Joe May, Chancellor.

Suit by W. H. Smith against the McShane Cotton Company. From a decree in favor of complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

This court in the case of *Martin* v. *Miller,* 60 So. 772, as well as in a number of other well-considered decisions of this court, has held that: "All presumptions of law are in favor of the correctness of judgments." We are mindful of the fact this court has held in an insurance case, the same being a suit on a policy of life insurance and the policy being made a part of the declaration, the declaration not alleging that proof of death, or proof of loss had been made, a judgment by default was a nullity, because the declaration would not support a judgment. In the instance of the insurance case, this is one of the prerequisites to a suit on a policy of insurance, that the beneficiary in the contract has advised the insurer, in the manner designated in the policy, that the death has occurred, or the loss has been sustained, and without this allegation in the declaration, no proof of this fact would be admissible therefore without this allegation in the declaration the declaration would not support a judgment by default. This is not the case here. The declaration charges and alleges all the plaintiffs would be required to prove, if a plea of the general issue is filed, to entitle the plaintiffs to a judgment. This being true, the demurrer should have been sustained, and the bill dismissed.

We come now to consider the cause from the aspect of the validity of the decree of the court. If the Statute of Jeofails, section 808 means anything at all, it means that the verdict and judgment of the court cures all

errors in the pleadings, unless the declaration fails to state a cause of action. Let us examine this statute just a little in this connection. The first part of the section reads: "A judgment shall not be stayed or reversed, after verdict, for any insufficient pleading, etc." And near the concluding part of the statute we have this language: "Neither shall judgment by default be reversed, nor a judgment after inquiry of damages be stayed or reversed, for any omission or fault which would not have been good cause to stay or reverse the judgment if there had been a verdict on issue joined."

The declaration in this cause specifically states that the defendants agreed and promised to pay the amount found to be due the plaintiffs after they had examined the books or account and found the amount sued for to be due. It further charges that the defendants were jointly and severally liable to plaintiff for the amount sued for in the declaration. The statements of the drafts drawn by defendants on plaintiffs and paid by defendants, added nothing to the declaration and was merely surplusage. This court has held, as far back as 2 Howard, that defects in the declaration are cured after judgment by default. *Ragsdale* v. *Caldwell*, 2 How. (Miss.) 930; *Wells* v. *Woodley*, 5 How. (Miss.) 484; *Breck* v. *Smith*, 44 Miss. 690. Of course this means defects which are not essential to stating a good cause of action.

Granting for the sake of argument, the statements attached to the declaration was a bill of particulars, and an imperfect bill of particulars, process was served on the appellee, and he had his day in court, and could have made a motion to require the plaintiff to furnish a more complete bill of particulars but he ignored the process of the court. The matter is closed. *Tierney* v. *Duffy*, 56 Miss. 364; *Bloom* v. *McGrath*, 53 Miss. 249.

Section 729 of the Code reads as follows, quoting a portion of this section: "If it contains sufficient mat-

ter of substance for the court to proceed upon the merits of the cause, it shall be sufficient.

This being a very simple proposition of law, we take it as a matter of course, it is unnecessary to burden the court with the citation of all the decisions under the Statute of Jeofails, and we think it is sufficient to refer the court to this statute and the decisions of the court collated thereunder.

*Gardner, McBee & Gardner,* for appellee.

We call attention to the fact that the declaration does not undertake to show who composed the firm of Smith Brothers, although counsel for appellant, in his brief, undertakes to show who composes the firm of Smith Brothers and that the firm of Smith Brothers was J. D. Smith, Jr., and W. H. Smith, appellee, but, the declaration does not so charge.

We contend that the judgment by default in this case was absolutely void for several reasons: 1. Because the exhibit "A" to the declaration shows that the account was due by J. D. Smith, Jr., and not by appellee; 2. The account is not itemized, even if it had been against appellee; 3. The account is not sworn to and the judgment shows that no proof was introduced when the judgment by default was entered showing any indebetedness; to the contrary the judgment by default recites:

"It appearing to the court that process has been duly served upon each of the defendants for more than thirty days, and no plea being filed, it is therefore the judgment of the court that plaintiff McShane Cotton Company, a partnership composed of E. R. McShane and H. F. McShane, doing business under the style of McShane Cotton Company, do have and recover, etc."

We submit that Exhibit "A" in this case will control as to who owned the account. It is true the declaration undertakes to charge that "J. D. Smith, Jr.," and "W. H. Smith" are responsible, and refers to exhibit "A" to sustain their allegations that J. D. Smith, Jr., and appellee were indebted to plaintiffs, but, when we come to examine the exhibit which, of course, is a material part of the declaration and which will control as to who owes the indebtedness, we find that plaintiffs do not undertake to recover upon any indebtedness due by J. D. Smith, Jr., and W. H. Smith, appellee, but, solely upon the indebtedness of J. D. Smith, Jr.

We submit that our Statute of Jeofails does not control in this case, for the reason that this section of the Code does not apply where the declaration fails to show a right of recovery. *Penn. Mutual Life Ins. Co. v. Keaton,* 95 Miss. 708. In other words, this statute only cures defects of the pleadings, and not those of proof. In this case, it was a question of proof, that is to say a question of fact as shown by the account sued on.

We submit that plaintiffs could not have proved a better case than they charged in the pleadings, and having sued on an account against J. D. Smith, Jr., they certainly cannot recover a judgment by default against "J. D. Smith, Jr.," and "W. H. Smith" appellee.

The exhibit will control, we submit, as to who is liable, and on its face it shows that no claim was ever against W. H. Smith, appellee.

Cook, P. J., delivered the opinion of the court.

Appellee was the complainant in a bill of complaint filed in the chancery court of Leflore county. The bill of complaint alleged that a certain judgment by default was rendered against him by the circuit court of

Leflore county at the November term, 1913, of said court, and prayed that same be canceled and held for naught. The grounds alleged for the cancellation of the judgment were: (a) That he had no notice of the suit at law, in that he had not been served with process; (b) that the judgment by default was void on the face of the record.

A demurrer was interposed by the defendant, McShane Cotton Company, which was overruled by the court. Whereupon the bill of complaint was answered, the answer specifically denying the allegations of the bill.

As to the first ground for relief, that complainant had not been served with process in the suit at law, suffice it is to say this allegation was not sustained by the evidence; on the contrary, he admitted that he had been duly and legally served with process.

So, as we understand the record, there was only one point left for decision: i. e., Was the judgment by default "absolutely void" on the face of the record?

The declaration upon which the default judgment was entered by the circuit court averred that the plaintiff, McShane Cotton Company, was engaged in the business of cotton factors, domiciled at Greenwood, and that the defendants, J. D. Smith and W. H. Smith, in the fall of the year 1910, obtained from the plaintiff, at various times, certain named sums of money, amounting in the aggregate to the sum of one thousand nine hundred and seventy dollars and ninety-eight cents; that defendants had delivered to plaintiff at various times cotton of the aggregate value of one thousand four hundred and twenty-six dollars and seventy-eight cents, leaving a balance due of five hundred and fifty-four dollars and twenty cents, and demanded judgment for the balance, together with six per cent. interest. The declaration further averred that plaintiff had rendered to defendants an account of sales of the cotton shipped

showing expense of handling same and commissions and
filed with the declaration itemized statements of the
amounts of money advanced and also of the credits
allowed the defendants for cotton delivered, and asked
judgment for the balance as stated.

The statements referred to were: First, a statement
showing the advancement of moneys, the date of each
draft, on what bank drawn, and the amount thereof,
and then a credit for the value of the cotton delivered;
second, a separate statement of the compress number
and weight of each bale of cotton received and sold for
the account of defendants, insurance, storage, and weigh-
ing, and commissions for selling same.

But complainant insists that there was a fly in the
ointment fatal to the default judgment rendered by the
circuit court on the declaration and exhibits thereto.

The first-mentioned exhibit is headed "Mr. J. D.
Smith, Jr., Sidon, Miss., in Account with McShane
Cotton Co.," etc.   That is the statement of money
advances by McShane Cotton Company. It is pointed
out that this statement purports to be a statement of
advances to J. .D. Smith, Jr., alone, and that the com-
plainant, W. H. Smith, is not mentioned in the exhibit.
From this premise it is argued that the averments of
the declaration and the exhibit are in direct conflict,
and that the exhibit must control; in other words, the
court was without authority to render a judgment by
default against the defendant upon this ambiguous
pleading.

As we get it, the chancellor was of opinion that, while
the declaration itself made out a case against the com-
plainant, the exhibit to the declaration muddied the
waters, and the exhibit contradicted the averments
of the declaration.

It is true, if the declaration fails to state a cause of
action, a judgment by default may be set aside, but in
this case the declaration does state a cause of action,

but the exhibit must prevail, and if it does prevail the appellee must go scot-free. The statute does not extend to a case wherein the declaration, as a whole, does not state a cause of action against the defendant, and it is contended in this case that the declaration and the exhibits thereto do not state a cause of action upon which a default judgment could be rendered.

The declaration does aver a course of dealing between the defendant and plaintiff which resulted in defendant being indebted to plaintiff in a specifically named amount. With this declaration an exhibit was filed which showed the dates of the money advances, how the advances were made, and upon whose draft the payments were made. True, the memoranda, or statement filed with the declaration shows that the partner drew the drafts which were paid, presumably in his own name, but the declaration avers that the advances were thus made to the partnership. This declaration was entirely ignored by defendant, who is complainant here, until he filed this bill of complaint after the statute of limitations had run against the original debt.

This court said, in *Railroad Co.* v. *Schragg,* 84 Miss. 152, 36 So. 198:

"Counsel's objection, in short, 'has this extent, no more': That she is simply not entitled to recover under this declaration; and, that being the extent of his objection, he was bound under sections 718 and 746 of of the Code of 1892 to interpose it seasonably in the court below, because it is at last nothing but an objection to the form of pleading."

Now, we construe the declaration in the original case to charge that the complainant and appellee in this suit, together with his brother, was engaged in a certain business, and that one of them, for both, drew certain drafts for the joint account which were paid by plaintiff, the McShane Cotton Company.

. If defendant desired to be enlightened as to just what he was charged with, he should have appeared and made his defense, if any he had. If his brother was not authorized to draw the drafts for the account of the partnership, then was the time for him to speak. If he was not a partner, he should have seasonably so pleaded in response to the summons served on him.

Reversed and remanded.